Bruce S. Asay
Gregory B. Asay
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)

*Attorneys for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 JUN -9  PM 1: 03

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Jason Ficca and Carmen Ochoa, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Laramie County Community College )<br>District, a body corporate, Joe )<br>Schaffer, its President in his individual )<br>and official capacities and Cynthia Henning, )<br>the Athletic Director, in her individual )<br>and official capacities and Tammy Maas, )<br>the Human Resource Director, in her )<br>individual and official capacities. )<br> )<br>Defendants. ) | Docket No. 21CV113-J |

### VERIFIED COMPLAINT

The Plaintiffs, Jason Ficca and Carmen Ochoa (referred to jointly as "Plaintiffs" or

individually as "Ficca" or "Ochoa"), by and through their undersigned counsel, for their

Complaint, against Defendants state and allege as follows:

### INTRODUCTION

1.      This is an action brought by the Plaintiffs against the Defendants for violations of

the Plaintiffs' rights under the United States Constitution, the Wyoming Constitution and certain

state law claims. The Plaintiffs bring this action for actual and compensatory damages as well as

attorney's fees. The Plaintiffs bring this *Complaint* for Ficca's wrongful termination by

1

Defendants from his protected position as a "Legacy Employee" and the Men's Basketball Coach which was effective March 23, 2020.

## PARTIES

2.      Jason Ficca, the Plaintiff, is a citizen of the United States and a resident of the state of Colorado.

3.      Carmen Ochoa, the Plaintiff, is a citizen of the United States and a resident of the state of Colorado. Plaintiff, Ochoa, is the wife of Jason Ficca.

4.      The Laramie County Community College District (hereinafter "Defendant " or "LCCC") is a body corporate established by Wyoming statute as a subdivision of Laramie County, Wyoming that maintains a community college serving Laramie and Albany Counties in Wyoming.  LCCC is a "person" under 43 USC § 1983 and at all times pertinent hereto, employed Plaintiff Ficca as a "Legacy Employee".  LCCC is governed by an elected Board of Trustees and may hold property and be party to a suit or a contract. W. S. § 21-18-301 et seq.

5.      Defendant Joe Schaffer is the President of LCCC and is appointed to his position by the LCCC Board of Trustees. At all times material hereto, Schaffer was an employee of LCCC acting under color of state law within the scope of his statutory authority and employment with LCCC. Upon information and belief, Schaffer is a citizen and resident of Wyoming.

6.      Defendant Cynthia Henning is the Interim Athletic Director for LCCC and appointed to her position by the President of the college acting under the direction of the Board of Trustees.  At all times material hereto, Henning was an employee of LCCC acting under authority or color of state law within the scope of her statutory authority and employment with the college. Upon information and belief, Henning is a citizen and resident of Wyoming.

2

7.     Defendant Tammy Maas is the Human Resource Director for LCCC and appointed to her position by the President of the college acting under the direction of the Board of Trustees. At all times material hereto, Maas was an employee of LCCC acting under color of state law within the scope of her statutory authority and employment with the college. Upon information and belief, Maas is a citizen and resident of Wyoming

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the Plaintiffs' claims under 28 U.S.C. §§ 1331, 1343 and 42 U. S. C. §§ 1983 and 1988 because the claims arise under the Constitution and laws of the United States and the deprivation under color of state law, of the privileges and immunities is secured by the Constitution of the United States in the state of Wyoming

9.     Pursuant to 28 U. S. C. § 1391 (b), the proper venue for this complaint is the United States District Court for the District of Wyoming where the Defendants reside and as the acts and omissions occurred in Laramie County, Wyoming.

10.    As a condition precedent, on or about April 15, 2021, Notices of Claims were filed and served upon Defendant LCCC in compliance with the Wyoming Governmental Claims Act, including W. S. § 1-39-113 (c) and (d) and were in compliance with the signature certification requirements of Article 16, Section 7 of the Wyoming Constitution.

## FACTS COMMON TO ALL CLAIMS

Structure of Property Interest

11.    The Board of Trustees for LCCC ("Board") has authority to promulgate rules and regulations including personnel policies governing the terms and conditions of employment for its employees and staff. The Policies and Procedures (Policies) promulgated by LCCC indicate that they govern all employees and activities at the college. The policies set forth the Board's belief that the individuals employed are to carry out the Mission Statement of the College and

that LCCC will use competitive hiring approaches to retain the best employee possible for each position. This policy, Employee Policy No. 6.1 states:

> B. Best Candidate
> LCCC will utilize competitive hiring approaches to identify the best candidate and retain the best employee for each position. This process may utilize internal and/or external searches

12.     The policies provide that certain benefited employees in an educational services staff position may be considered continuing contract faculty and may be considered to have "legacy" status. These Legacy Employees may only be removed for cause. Indeed, while employed with LCCC, a Legacy Employee status may only be removed or changed at the choice of the Legacy Employee. The Plaintiff, Jason Ficca, is a Legacy Employee.

13.     The policy relating to employment and separations provides that the employment separation for contracted employees "shall be for cause" and that notice shall be provided. The policy outlines "for cause" as follows:

> 1.0  It is the policy of the Board of Trustees of Laramie County Community College (LCCC) to ensure orderly operations, provide a positive work environment, and promote an environment which fosters mutual respect and professionalism. To that end LCCC will establish reasonable standards of conduct and expects employees to follow those standards. The Board believes in proactive development of the College's employees to aid in their growth and ability to perform the needed functions of their respective positions. The Board recognizes that at times corrective action and management is required to ensure employees have clear expectations for their performance and behaviors. Thus, the purpose of the policy is to promote and encourage employee improvement and progress through a structured corrective action process to improve and prevent a recurrence of undesirable behavior and/or performance issues.

14.     Generally, the policy provides that its purpose is to promote and encourage employee improvement and progress through a structured corrective action process such as to improve and prevent reoccurrence of undesirable behavior and/or performance. Discipline is to be progressive beginning with a verbal warning, a written warning, a performance improvement

4

plan and finally suspension and possible termination. The disciplinary procedure provides in

pertinent part:

> B. General Discipline Procedures For contracted employees, the discipline procedure
> is outlined below. Discipline may begin at any stage including termination depending
> on the nature of the infraction. The level of discipline may also vary. Some of the
> factors that will be considered are whether the offense has been repeated despite
> coaching and/or training, the employee's work performance record, and the impact of
> the conduct.
>
> 1) Verbal Warning A verbal warning creates an opportunity for the immediate
> supervisor to schedule a meeting with an employee to bring attention to the existing
> performance, conduct or attendance issue. .
>
> 2) Written Warning A written warning involves a more formal documentation of
> performance, conduct issues, and consequences.
>
> 3) Performance Improvement Plan (PIP) A performance improvement plan may
> accompany any verbal or written warning or it may stand alone.
>
> 4) Suspension

15.     Plaintiff, Ficca, a Legacy Employee, was an indefinite term continuing contract

employee who could only be terminated for cause as he had a property interest in his

employment.

## SPECIFIC FACTS

16.     On March 21, 2007, the Plaintiff began employment at LCCC as Athletic

Director/Head Men's Basketball Coach.  Prior to his position at LCCC, the Plaintiff was the head

basketball coach at Treasure Valley Community College in Ontario, Oregon, followed by the

position of head basketball coach at Martin Methodist College in Pulaski, Tennessee where he

was voted 2007 TranSouth Conference Coach of the Year.

17.     He left that position to accept the Head Men's Basketball Coach at LCCC where

he compiled a 209-199 record during 13 seasons with the LCCC Golden Eagles basketball team.

This record included five seasons of 20 wins or more. For ten straight years, the Eagles finished

no worse than tied for fourth place in the sub-region. In 2017, the Eagles played for a berth in the

National Junior College Athletic Association tournament, but lost to Gillette College in the Region IX final, 101-97. The Plaintiff also served as Athletic Director from the time he was first hired until LCCC hired its first full-time athletic director in 2013.

18.     In January 2012, Defendant Joe Schaffer began his tenure as President of the college. At that time, the Board of Trustees approved splitting the Plaintiff's position into two full-time positions. Judy Hay began her tenure as Vice President of Student Services and became the Plaintiff's supervisor. In December 2012, a search was conducted for a full-time athletic director. Plaintiff applied for the position and was one of three finalists. The entire search was conducted during the basketball season and the Plaintiff's final interview was in early March 2013, a few days before the Region IX Tournament. Plaintiff was informed shortly thereafter that he was not selected as the athletic director, but would continue as the basketball coach with no change in salary. In July 2013, Ficca's title was officially changed to Men's Basketball Coach.

19.     In the winter of 2018, when the Athletic Director resigned, Vince Gibson, the men's soccer coach (who was hired by the Plaintiff) became the Interim Athletic Director and the Plaintiff's supervisor. The following summer, Clark Rasmussen began his tenure as Athletic Director. In June, 2019, Rasmussen resigned and recommended Ficca as the Athletic Director. Although Ficca had indicated his desire to be the interim athletic director, he was once again denied.

20.     In July 2019, Defendant Cindy Henning, the Exercise Science Program Coordinator, began a three-year term as Interim Athletic Director and became Plaintiff's supervisor. Defendant, Joe Schaffer is Cindy Henning's supervisor.

21.    On March 20, 2020, Plaintiff Ficca was requested via email to meet the following Monday, March 23, 2020, with Cindy Henning and a Human Resources Representative in the LCCC Board Room. At the meeting, Plaintiff, a Legacy Employee, was given a draft letter stating an effective date of March 13, 2020 and informed that his contract would not be renewed and that he would no longer work for the college. He was required to immediately return his cell phone, iPad, laptop, and keys. He was also instructed to clean out his office and that he was no longer be allowed on campus. His cell phone service was cut-off shortly after the meeting. On this same date, the Defendants issued a press release indicating that Ficca was leaving the college and that a new coach had been hired.

22.    The unsigned letter provided to Plaintiff Ficca at the March 23, 2020 termination meeting was dated March 16, 2020 and over the name of Defendant Tammy Maas, Human Resources Director; it stated:

> In accordance with LCCC Policy 6.6, I am formally notifying you,… That (sic) you will be on fully compensated, Administrative Leave effective today, March 13, 2020. Your administrative leave will continue until June 30, 2020, the last day of your contract. While you are on paid Administrative Leave, you will be compensated for all hours you are normally and regularly scheduled to work. While on Administrative Leave, you are not expected to conduct any work for the college. If you need to be on campus, you must make prior arrangements through Human Resources.
>
> Effective this date, you will turn in your LCCC keys, PC card, computer, cell phone, and LCCC ID. You're also to remove your personal items from your office.

23.    The Plaintiff, a Legacy Employee entitled to protections provided in the LCCC Policies, was terminated as if he were an "At-Will" employee without; any advance verbal or written warning, an opportunity for an improvement plan, the alternative of a suspension, or a pre-termination hearing.

24.    On March 26, 2020, when Plaintiff returned to campus to clean out his office, he was escorted by an HR Representative and a security officer.

Other facts will be discussed below as relevant.

### CLAIM I:  42 USC § 1983: Violations of Procedural  Due Process
### As Guaranteed by the 14th Amendment

25.      Plaintiffs re-allege and incorporate by reference herein, all of the facts and

allegations contained in paragraphs 1 through 10 above and further allege as follows:

26.      Plaintiff Ficca as a "Legacy Employee" with LCCC had an enforceable contract

with the Defendant and as such he had a property interest in continued employment and was

entitled to due process protections.   The Wyoming Supreme Court and the United States

Supreme Court have both emphasized that a pre-termination hearing is of paramount importance

as "the only meaningful opportunity to invoke the discretion of the decision maker is likely to be

before the termination takes effect." *Cleveland Board of Education v.  Loudermill*, 470 U.S. 532,

543, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *Metz v. Laramie County School Dist. 1*, 2007 WY

166, 173 P.3d 334, 343 (2007).

27.      In short, the Plaintiff was constitutionally entitled to notice of the charges against

him, and an opportunity to be heard before being terminated. Further, Ficca, a Legacy Employee

was entitled to protections provided in the LCCC Policies, including the benefit of the

progressive discipline schedule including advance verbal or written warning, an improvement

plan and a suspension rather than a termination.

### CLAIM II- Violation of Due Process - Liberty Interest

28.      Plaintiffs incorporate and re-allege each and every preceding allegation as if fully

set forth herein.

29.      Plaintiff has a constitutionally protected liberty interest to his continued ability to

work in his chosen profession, to his good name and reputation, to travel and the enjoyment of

life.

30.     Defendants Shaffer, Henning and Maas, acting in concert and with authority or color of state law, acted together with deliberate indifference to the rights of the Plaintiff and therefore deprived Plaintiff Ficca of the rights, privileges and immunities secured by the Constitution and laws of the United States and a property interest provided in the LCCC Policies. In failing to provide him with notice and an opportunity for hearing prior to the termination, the Defendants deprived him of his property interest without due process of law.

31.     The action omissions of the Defendants Schaffer and Henning therefore were taken in violation of the Plaintiff's civil rights in violation of 42 USC § 1983.

32.     As a direct and proximate result of Defendants' acts, Plaintiffs have been damaged as set forth herein.

**CLAIM III- Private Action Pursuant to 1983**

33.     Plaintiffs incorporate and re-allege each and every preceding allegation as if fully set forth herein.

34.     Under state and federal law, the Plaintiff has a cause of action against Defendants Schaffer, Henning and Maas when they acted in concert and under the authority or the color of state law and their governmental authority when they violated his rights as outlined above.

35.     The Wyoming Supreme Court has held:

> Aggrieved persons have a private cause of action under 42 U.S.C. § 1983 for "the deprivation of any rights, privileges, or immunities secured by the Constitution ..." by a person acting under color of state law. 42 U.S.C. § 1983 (2012); *Garnett v. Coyle*, 2001 WY 94, ¶¶ 16-17, 33 P.3d 114, 120 (Wyo. 2001). This Court has concurrent jurisdiction with the federal courts over 42 U.S.C. § 1983 actions. *Metz v. Laramie Cty. Sch. Dist. No. 1*, 2007 WY 166, ¶ 28, 173 P.3d 334, 342 (Wyo. 2007). "[S]tate employment is generally sufficient to render the defendant a state actor" so long as there is a nexus between the employee's use of authority as a public employee and the alleged constitutional violation. *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995).

*Wyoming Guardianship Corporation v. Wyoming State Hospital*, 428 P.3d 424, at 4312018 WY 114, (Wyo. 2018)

36.     As such, the Plaintiff is entitled to relief from the Defendants Schaffer, Henning and Maas.

## CLAIM IV: Breach of Employment Contract

37.     Plaintiffs re-allege and incorporate by reference herein, all of the facts and allegations contained in the preceding paragraphs and further allege as follows:

38.     As a Legacy Employee, Plaintiff Ficca's employment with Defendant LCCC was subject to an express contract of employment requiring cause for termination.

39.     Defendants breached the contract of employment when it terminated the Plaintiff Ficca without just cause and without following the procedure specified in the LCCC policies.

40.     As a direct and proximate result of the breach of contract by Defendants, Plaintiffs have been damaged as set forth herein.

## CLAIM V: Violation of the Duty of Good Faith and Fair Dealing.

41.     Plaintiffs re-allege and incorporate by reference herein; all of the facts and allegations contained in the preceding paragraphs and further allege as follows:

42.     The aforementioned contract between Plaintiff Ficca and Defendants necessarily included a covenant of good faith and fair dealing.  In light of his longevity of service, his statute as a Legacy Employee, as well as other special considerations, Plaintiff Ficca occupied a position of special trust and reliance with Defendants.

43.     By information and belief, Plaintiff Ficca is informed and believes and therefore alleges that his termination was contrived and constructed by Defendants with concerted animus to be accomplished in such a manner as to deprive him of his status, property interest, salary and benefits to which he was entitled under his contract.

10

44.     As a direct and proximate result of the violation of the duty good faith and fair dealing by Defendants, Plaintiffs have been damaged as set forth herein.

## CLAIM VI: Promissory Estoppel

45.     Plaintiffs re-allege and incorporate by reference herein; all of the facts and allegations contained in the preceding paragraphs and further allege as follows:

46.     In the course of negotiations in the formation of Plaintiff Ficca's employment contract, and during the course of his employment, Defendants and their agents and employees made clear and definite promises to Plaintiff Ficca that his employment was protected and if his employment was to be terminated, he would be provided prior notice and appropriate compensation.

47.     Plaintiff Ficca, in good faith relied on these promises to his disadvantage and detriment. Defendants knew or should have known and could have expected that Plaintiff Ficca would rely on these promises and therefore Defendants are bound by the promises and estopped from retracting them as injustice can only be avoided by enforcement of the representations.

48.     As a direct and proximate result of Defendants failure to honor and abide by its promises, Plaintiffs have suffered damages as set forth herein.

## CLAIM VII:  Injunctive Relief

49.     Plaintiffs incorporates and re-allege each and every preceding allegation as if fully set forth herein.

50.     As the Defendants violated the Plaintiff's protected constitutional rights, the Plaintiff is entitled to injunctive relief against the Defendants in the form of reinstatement to his previous position, a discontinuation of the violation of his constitutional rights or front pay.

11

## CLAIM VIII: Loss of Consortium

51.     Plaintiffs incorporate and re-allege each and every preceding allegation as if fully set forth herein.

52.     Plaintiff Ochoa is the spouse of Plaintiff Ficca and during the course of the last months of Ficca's employment with LCCC was a witness and experienced the terrible stress that was placed on her household by the concerted effort made by Defendants to terminate the Plaintiff's employment, even though a Legacy Employee.  She watched as his coaching decisions were questioned, he was discriminatorily treated and his integrity questioned.  She watched as Defendants adversely impacted Plaintiff Ficca's ability to coach a successful program as he had continually done in the past.  This discriminatory and unlawful treatment caused the Plaintiff Ochoa a great amount of stress and mental anguish that adversely affected her life, her work environment, consort and fellowship with her husband and family and her enjoyment of life. The Plaintiff was damaged thereby as reflected below.

## DAMAGES

53.     Plaintiffs incorporate and re-allege each and every preceding allegation as if fully set forth herein.

54.     Due to the actions of the Defendants, the Plaintiffs have suffered damages in an amount to be proven at trial, including; lost wages and benefits, future compensation including wages and benefits; lost economic potential, harm to his reputation, emotional distress and psychological pain and suffering, mental anguish, and loss of enjoyment of life and consortium, and incurrence of attorney's fees and other costs including prejudgment interest.

55.     Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled by statute to recover their reasonable attorney's fees and costs.

56.     Pursuant to the claims relating to the deprivation of a liberty interest and the animas associated with removing the Plaintiff Ficca from a protected position, the Plaintiff is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief of the Court as follows:

1.     For Judgment against Defendants in favor of Plaintiffs sufficient to compensate them for injuries caused by the unlawful actions of the Defendants as will be proved at trial;

2.     For past wages, immediate reinstatement or where unfeasible, front pay, back pay, benefits, future losses, emotional pain, suffering, inconvenience, mental suffering, loss of enjoyment of life, prejudgment interest, all due to the Defendants' interference with Plaintiffs' constitutional and civil rights as guaranteed by the Constitution of the United States of America and state of Wyoming;

3.     For punitive damages; and

4.     For Plaintiffs' costs and reasonable attorney's fees incurred herein pursuant to federal and state law; and for such other relief this Court deems just and equitable in the premises.

DATED this 5th day of , 2021.

s/ Bruce S. Asay

_____
Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)
Attorneys for Plaintiff

## AFFIRMATION

We, Jason Ficca and Carmen Ochoa, have read and understand the provisions of the false swearing statute. We hereby certify under penalty of false swearing that we have read the foregoing Verified Complaint, including the attachments, if any, and that the representations contained therein are true and accurate to the best of our knowledge and belief.

_____
Jason Ficca

_____
Carmen Ochoa

State of COLORADO          )
                           )ss
County of Larimer          )

Subscribed and sworn to before me, a Notarial Officer (Notary), this __5__ day of June, 2021, by Jason Ficca and Carmen Ochoa.

Notarial Officer (Notary) ___Alex Cole___

My Commission Expires: 01-20-2025

(Seal)

> JONATHAN ALEXANDER COLE
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20214002667
> My Commission Expires: January 20, 2025

14

## DEMAND FOR JURY

The Plaintiffs demand a trial by jury of six peers on all issues so triable.

s/Bruce S. Asay                    6/5/21

Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)
Attorneys for Plaintiff